This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **NO. 29,875**

**TRINIDAD GRANADOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals the denial of his motion to suppress evidence. Defendant entered into a conditional plea for DWI, reserving his right to appeal the denial of his motion. We proposed to affirm in a calendar notice. Defendant has responded to that notice with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant was stopped after the officer saw that his windshield was cracked, and the officer believed the cracked windshield to be a safety hazard. Defendant continues to argue that the crack in the windshield did not "sufficiently" obscure his vision to constitute a safety hazard.

The ruling on a motion to suppress is reviewed to determine "whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. Our statutes provide that:

> No person shall drive any motor vehicle with any sign, poster or other
> nontransparent material upon or in the front windshield, windows to the
> immediate right and left of the driver or in the rearmost window if the
> latter is used for driving visibility.

NMSA 1978, Section 66-3-846(A) (1997), and that:

> [I]t is a misdemeanor for any person to drive or move or for the owner to cause or permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment.

NMSA 1978, Section 66-3-801(A) (1991).

This Court has held that while Section 66-3-846(A), the section under which Defendant was originally charged, does not apply in cases involving a cracked windshield, it does indicate that the Legislature determined that "it is unsafe to drive a vehicle when the driver's vision through the windshield is obscured." *See State v. Munoz*, 1998-NMCA-140, ¶ 11, 125 N.M. 765, 965 P.2d 349. In addition, we held that if a cracked windshield constitutes a hazard, the driver of that vehicle creates a danger to the public, and is in violation of Section 66-3-801. *Id.* A citation that refers to the wrong statute can be ignored if what the officer observed provided reasonable grounds that the vehicle constituted a safety hazard or that another statute was violated. *Id.* ¶ 9.

As discussed in our calendar notice, under either Section 66-3-846(A) or Section 66-3-801, it is unlawful to operate an unsafe vehicle. *See Munoz*, 1998-NMCA-140, ¶ 13. In this case, the officer saw that Defendant's windshield was cracked and testified that he believed that the cracked windshield was a safety hazard.

In addition, the district court was able to view photos of the windshield. Viewing the facts in the light most favorable to the State, we hold that there was sufficient evidence to support the finding of reasonable suspicion to justify the stop.

For the reasons discussed above and in our calendar notice, we affirm the district court's order denying Defendant's motion to suppress.

**IT IS SO ORDERED.**

 

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**LINDA M. VANZI, Judge**